

**FILED**
**SEPT. 23, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERIC HOUSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-02395 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its review of petitioner's petition for writ of habeas corpus ("Pet.") pursuant to 28 U.S.C. § 2255, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner is a federal inmate currently incarcerated at the U.S. Penitentiary located in Lewisburg, Pennsylvania. He was convicted and sentenced in the United States District Court for the Eastern District of Tennessee. Pet. at 1. For the reasons explained below, the IFP application will be granted, and the case will be dismissed without prejudice.

The petition is not a model in clarity and contains mostly ruminations about what petitioner perceives to be broad problems in American society. *See, e.g., id*. at 5–7, 11–13. He sues the United States, and the rambling complaint includes allegations against the police, witnesses, informants, judges, courts, and lawyers, among others. *See id*. at 2, 4–11. It also appears that he takes issue with his charges, conviction, and sentencing, and seeks immediate release from custody based on constitutional and procedural deficiencies during these criminal proceedings and based his actual innocence. *See id*. at 2, 5–11, 13.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires initiating pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant petition falls within this category.  Petitioner has also failed to comply with Federal Rule 10(b), among others.

Second, to the extent that a remedy is available to petitioner, his Section 2255 claims must be addressed to the sentencing court.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).  Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Consequently, petitioner must file his Section 2255 action in the Eastern District of Tennessee.

Finally, petitioner mentions, in passing, his wish to meet with the President of the United States "for his pardon."  Pet. at 13.  However, this court is without the authority to direct the

President of the United States to grant, process, or even consider a pardon request. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control").

Therefore, petitioner has no recourse in this court, and the petition will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date: September 23, 2021